IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:25-CV-00445-BO

| JOYCE TETTEH, | |
|---|---|
| Plaintiff, | DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT |
| v. | |
| EATON CORPORATION, | |
| Defendant. | |

Eaton Corporation ("Eaton") submits this Reply Memorandum of Law in further support of its Motion to Dismiss Joyce Tetteh's ("Plaintiff") Amended Complaint. In short, nothing in Plaintiff's Response in Opposition to Eaton's Motion to Dismiss ("Response")" rebuts Eaton's arguments that Plaintiff has not pleaded any of her claims to a legal sufficiency. Moreover, Plaintiff's Response fails to address the factual deficiencies in her Complaint and has not advanced her claims from the realm of the merely possible to plausible actionable claims. Even further, Plaintiff has explicitly and unambiguously argued that she no longer intends to pursue the claims that she alleged in her Amended Complaint and has abandoned the same. Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice, for failure to state a plausible claim.

I. **LEGAL STANDARD**

   a. **PLAINTIFF HAS ABANDONED ALL OF HER CLAIMS.**

When a non-moving party fails to respond to arguments made by the moving party, the non-moving party will be deemed to have abandoned the particular claims, and they should be

1

dismissed. *Dove v. UPS*, 912 F. Supp. 2d 353, 362 (M.D.N.C. Dec. 12, 2012) See, *Rogers v. Unitrim Auto & Home Ins. Co.*, 388 F. Supp. 2d 638, 641 (W.D.N.C. Aug. 19, 2008) (holding that the plaintiff's failure to make an argument concerning a particular claim amounted to abandoning a claim and warranted dismissal). To determine whether acts constitute clear and unambiguous abandonment, the Court weighs several commonsense factors including, (1) whether the party failed to advance the claim on appeal, (2) whether the party failed to argue that the district court erred in not addressing it, or (3) *the party otherwise represented that it did not intend to pursue the claim* (emphasis added). *AirFacts, Inc. v. De Amezaga*, 909 F.3d 84, 92. (4th Cir. 2018). In the absence of an express and explicit indication that the plaintiff intends to leave one or more of its claims by the wayside, a plaintiff's complaint will control. *Id.* at 92. However, when a party's response to a motion makes a clear and unambiguous representation that it does not intend to pursue certain claims, a court rightfully dismisses those claims. *Hicks v. Raleigh Ophthalmology, P.C.*, 2025 U.S. Dist. LEXIS 67007, *8 (E.D.N.C. Apr. 7, 2025).

The *Hicks* Court addressed this scenario in short order. In *Hicks*, the plaintiff received numerous unsolicited telephone marketing phone calls from the defendant. *Hicks* at 3-4. This led to the plaintiff asserting three claims under the Telephone Consumer Protection Act ("TCPA"): (1) prerecorded calls without consent in violation of the TCPA, (2) telephone solicitation to an individual on the "do not call" registry in violation of the TCPA, and (3) failure to maintain a list of persons who requested not to receive telemarketing calls in violation of the TCPA. *Id.* at 4. In response to these allegations by the plaintiff, the defendant moved to dismiss. *Id.*, at 4. In its motion to dismiss, the defendant argued that the second and third claims made by the plaintiff should be dismissed as the TCPA did not penalize the conduct complained of in each of those claims. *Id.* at 5-6. According to the Court, the plaintiff expressly abandoned her second and third claims. *Id.* at

2

5. The Court reached this conclusion in large part to the plaintiff stating she "is pursuing only Count 1 of her complaint and was not pursuing Counts 2 or 3 of her complaint." *Id.* at 7. The Court found that the language used by the plaintiff met the standard of a clear and unambiguous abandonment of the plaintiff's second and third claims. *Id.*, at 7. Based on the plaintiff's representations, the Court dismissed the plaintiff's second and third claims for relief. *Id.* at 8.

### 1. Plaintiff Abandoned Her North Carolina Retaliatory Employment Discrimination Act and North Carolina Public Policy Claims.

Plaintiff concedes that she is no longer pursuing all claims under the North Carolina Retaliatory Employment Discrimination Act ("REDA") and any North Carolina public policy claim. [DE # 20, p. 1]. In Plaintiff's own words, "'[she] does not pursue any claims under REDA or North Carolina Public Policy, and [her] only claim is for retaliation and wrongful termination under Title VII.'" [DE # 20, p. 2]. This is an express and explicit abandonment by Plaintiff of these two claims. Accordingly, Plaintiff's REDA and North Carolina public policy claims should be dismissed with prejudice.

### 2. Plaintiff Abandoned Her Intentional and Negligent Infliction of Emotional Distress Claims.

In arguing that Plaintiff's intentional and negligent infliction of emotional distress claims should be dismissed, Eaton argued that Plaintiff had failed to properly allege severe emotional distress. [DE # 16, pp.7-9]. Plaintiff does not make any argument in opposition to Defendant's assertion. Regarding Plaintiff's negligent infliction of emotional distress claim, Eaton further argued that Plaintiff failed to allege that Eaton breached a legal duty that she was owed. [DE # 16, p. 9]. Further, Eaton argued that Plaintiff's Negligent Infliction of Emotional Distress claim failed as Plaintiff has only alleged Eaton engaged in intentional conduct. [DE # 16, p. 9]. Instead of rebutting Eaton's assertions, Plaintiff simply stated, "Plaintiff does not pursue a stand-

alone tort claim for emotional distress." [DE # 20, p. 3]. Just as was the case for Plaintiff's North Carolina REDA claim and North Carolina public policy claim, Plaintiff's representations that she is abandoning these claims and her failure to respond to Eaton's arguments are fatal to Plaintiff's intentional and negligent infliction of emotional distress claims. Accordingly, both of Plaintiff's claims for emotional distress should be deemed abandoned and dismissed with prejudice.

### 3. Plaintiff Abandoned Her Constructive Discharge Claim.

In arguing Plaintiff's constructive discharge claim must be dismissed, Eaton argued that North Carolina does not recognize a stand-alone constructive discharge claim. [DE # 16, p.10]. In response, Plaintiff does not rebut Eaton's argument that North Carolina does not recognize a stand-alone employment tort of constructive discharge. [DE # 20, p. 3]. Instead, Plaintiff simply states that she is no longer pursuing a stand-alone Constructive Discharge claim and reiterated that she is only pursuing her Title VII claim[1]. [DE # 20, p. 3]. Much like Plaintiff's representation regarding her other claims, Plaintiff's Constructive Discharge claim must be dismissed with prejudice.

## II. CONCLUSION

In conclusion, Plaintiff has failed to rebut any of the arguments put forth in Eaton's Memorandum of Law in support of its Motion to Dismiss. Due to Plaintiff explicitly abandoning each claim in her Amended Complaint, the Court should grant Eaton's Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

---

[1] Plaintiff has not asserted a claim under Title VII of the Civil Rights Act of 1964 in her Amended Complaint and has filed a Motion for Leave to file her Second Amended Complaint. Eaton objects to Plaintiff's Motion for Leave to File her Second Amended Complaint due to her Title VII claim being untimely and futile. Eaton's Objection to Plaintiff's Motion for Leave to File her Second Amended Complaint will be served in accordance with the schedule outlined in the Eastern District of North Carolina's Local Rules and the Federal Rules of Civil Procedure.

Respectfully submitted, this the 11th day of September, 2025.

**JACKSON LEWIS P.C.**

BY: _/s/ Ted  N. Kazaglis_
TED N. KAZAGLIS
N. C. State Bar No. 36452
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile:  (919) 760-6461
Email:  Ted.Kazaglis@jacksonlewis.com

KEVIN L. LITTLEJOHN II
N.C. State Bar No. 56667
Jackson Lewis, P.C.
200 S. College St., Suite 1550
Charlotte, North Carolina 28202
Telephone:  (980) 465-7254
*Attorneys for Defendants*
Email:  Kevin.Littlejohn@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:25-CV-00445-BO

| | |
|---|---|
| JOYCE TETTEH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CERTIFICATE OF COMPLIANCE** |
| | ) |
| EATON CORPORATION | ) |
| | ) |
| Defendant. | ) |

Pursuant to Local Rule 7.2(f), the undersigned attests that the foregoing memorandum of law complies with the word limit as required, and that this Memorandum contains 1,283 words, exclusive of caption, signature block, any required certificates, any attachments, exhibits, affidavits or other addenda as reported by word processing software and therefore does not exceed 2,800 words.

**JACKSON LEWIS P.C.**

BY:    /s/ Ted N. Kazaglis
      TED N. KAZAGLIS
      N. C. State Bar No. 36452
      3737 Glenwood Avenue, Suite 450
      Raleigh, NC 27612
      Telephone: (919) 760-6460
      Facsimile: (919) 760-6461
      Email: Ted.Kazaglis@jacksonlewis.com

      KEVIN L. LITTLEJOHN II
      N.C. State Bar No. 56667
      Jackson Lewis, P.C.
      200 S. College St., Suite 1550

Charlotte, North Carolina 28202
Telephone: (980) 465-7254
*Attorneys for Defendants*
Email: Kevin.Littlejohn@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 5:25-CV-00445-BO

| | |
|---|---|
| **JOYCE TETTEH,**<br><br>                   **Plaintiff,**<br><br>     v.<br><br>**EATON CORPORATION**<br><br>                   **Defendant.** | **CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 11, 2025, the foregoing ***Defendant's Reply Brief to Plaintiff's Response to Defendant's Motion to Dismiss*** was electronically filed with the Clerk of the Court using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Joyce Tetteh (Pro Se)
414B Pleasant Way
Henderson, NC 27536
(252) 204-8051
Joycetetteh3@gmial.com

**[SIGNATURE BLOCK TO FOLLOW]**

**JACKSON LEWIS P.C.**

BY:    _/s/ Ted N. Kazaglis_
        TED N. KAZAGLIS
        N. C. State Bar No. 36452
        3737 Glenwood Avenue, Suite 450
        Raleigh, NC 27612
        Telephone: (919) 760-6460
        Facsimile: (919) 760-6461
        Email: Ted.Kazaglis@jacksonlewis.com

        KEVIN L. LITTLEJOHN II
        N.C. State Bar No. 56667
        Jackson Lewis, P.C.
        200 S. College St., Suite 1550
        Charlotte, North Carolina 28202
        Telephone: (980) 465-7254
        _Attorneys for Defendants_
        Email: Kevin.Littlejohn@jacksonlewis.com