IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-445-BO-KS

JOYCE TETTEH,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )          O R D E R
                                       )
EATON CORPORATION,                     )
                                       )
        Defendant.                     )

This cause comes before the Court on plaintiff's motion to remand [DE 9], to which

defendant responded [DE 14], and on defendant's motion to dismiss for failure to state a claim

[DE 15], to which plaintiff responded [DE 20]. The Court also considers plaintiff's motion for

leave to file a second amended complaint. [DE 18]. Defendant opposes leave to amend as futile

[DE 23], and plaintiff replied [DE 25]. In this posture, the motions are ripe for decision. For the

following reasons, the motion to remand [DE 9] is denied, the motion to dismiss [DE 15] is granted,

and the motion for leave to amend the complaint [DE 18] is denied.

BACKGROUND

Plaintiff originally brought this case in North Carolina state court, seeking $300,000 in

damages and asserting claims for retaliation and wrongful termination under Title VII and

negligent or intentional infliction of emotional distress. [DE 1-1]. The original complaint was filed

June 12, 2025. *Id.* Defendant removed based on federal question and diversity jurisdiction. Plaintiff

moved to remand [DE 9] and filed her first amended complaint, which abandoned the federal

claims and $300,000 demand. Instead, the first amended complaint asserted claims for (1) violation

of the North Carolina Retaliatory Employment Discrimination Act (REDA), (2) wrongful

termination in violation of public policy, (3) intentional infliction of emotional distress, (4)

negligent infliction of emotional distress, and (5) constructive discharge. Her first amended complaint seeks $33,000 in lost wages, emotional distress damages, punitive damages, and legal costs. Defendant does not object to the Court accepting plaintiff's first amended complaint. [DE 14, p. 2]. Defendant moved to dismiss [DE 15] plaintiff's first amended complaint. Plaintiff moved to amend the complaint a second time pursuant to Fed. R. Civ. P. 15(a)(2) [DE 18], attaching a proposed second amended complaint. Defendant responded in opposition, arguing further amendment would be futile. [DE 23].

Plaintiff's original complaint, first amended complaint, second amended complaint, and attached exhibits allege the following. Defendant employed plaintiff in a role involving assembly work on the circuit breaker line, which required the use of hand power tools and adherence to safety protocols. On plaintiff's second day at work, her trainer refused to let her back into the building after lunch. Later, plaintiff observed a coworker sleeping on the job and reported the safety violation to human resources (HR). After that coworker was terminated, plaintiff experienced harassment from coworkers. Plaintiff would routinely complain to HR about the way her coworkers and supervisors treated her. She was particularly bothered by the way coworkers approached her with criticism, spoke to her, and interacted with each other while she was around. Her employment was terminated on September 26, 2024. On the day of plaintiff's termination, a coworker had confronted her about her attire, asserting it did not comply with defendant's safety policies. Plaintiff responded with distaste about the way he approached her. The coworker concluded the encounter by saying, "man, bye!" as he walked away from plaintiff. Following this confrontation, the same coworker falsely accused plaintiff of using inappropriate language. HR terminated her for the derogatory language, but plaintiff asserts she said nothing derogatory and that reasoning was pretext. [DE 10]; [DE 10-3]; [DE 10-5].

<u>DISCUSSION</u>

## I. Motion to Remand

Upon removal of a state action to federal court, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "[A]ny civil action brought in a State court of which the district courts of the United States have original Jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332(a)(1).

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. 1446(c)(2). "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938). In plaintiff's original complaint, she sought $300,000 in damages. The parties do not dispute that plaintiff is domiciled in North Carolina and defendant is a foreign corporation domiciled in Ohio. The Court retains diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In the alternative, even if plaintiff's first amended complaint *could* reduce the amount in controversy, the amount in controversy remains in excess of $75,000. The first amended complaint seeks $33,000 in lost wages in addition to other damages. Plaintiff asserted a claim under North

3

Carolina's Retaliatory Employment Discrimination Act; if a court finds plaintiff was injured by a willful violation of that act, the court must treble the amount awarded under N.C.G.S. § 95-243(c)(4). If trebled, the $33,000 of lost wages alone would exceed $75,000. In any event, the original complaint and proposed second amended complaint assert federal claims under Title VII. While the first amended complaint sought to withdraw all her federal claims, plaintiff seems to have reversed course; she now seeks leave to file a second amended complaint asserting a federal claim. Plaintiff's motion to remand [DE 9] is denied.

## II. Motion to Dismiss the First Amended Complaint

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court turns now to defendant's motion to dismiss directed at plaintiff's first amended complaint. That complaint asserted claims for (1) violation of the North Carolina Retaliatory

4

Employment Discrimination Act (REDA), (2) wrongful termination in violation of public policy, (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, and (5) constructive discharge. After moving for leave to amend the first amended complaint, plaintiff stated in her response to defendant's motion to dismiss that she "withdraws all claims under the North Carolina Retaliatory Employment Discrimination Act (REDA) and any North Carolina public policy claim. Plaintiff's only claim is for retaliation and wrongful termination in violation of Title VII of the Civil Rights Act of 1964." [DE 20, p. 1]. She further explained she "does **not** pursue a stand-alone tort claim for emotional distress" and "does **not** pursue a separate constructive discharge claim." *Id.* at pp. 2–3 (emphasis in original). The Court grants defendant's unopposed motion to dismiss [DE 15]. The remaining question is whether the Court should grant leave to file a second amended complaint.

**III. Motion for Leave to Amend**

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). An amendment

5

is therefore futile where the plaintiff fails to state a facially plausible claim, meaning that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Courts should be liberal in their construction of *pro se* complaints, but they should not go beyond deciphering the meaning of words written in the complaint to attempt to discern the unexpressed intent of the Plaintiff. *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006).

Plaintiff moved for leave to file a second amended complaint under Fed. R. Civ. P. 15(a)(2). [DE 18]. The second amended complaint asserts one claim for retaliation under Title VII. "To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove '(1) that she engaged in a protected activity,' as well as '(2) that her employer took an adverse employment action against her,' and '(3) that there was a causal link between the two events.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (citations omitted). The second amended complaint alleges "Plaintiff engaged in protected activity by reporting discrimination, harassment, safety, and policy violations to HR and management team[.]" [DE 18-1, p. 1].

"Protected activity under Title VII includes complaints of discrimination based upon 'race, color, religion, sex or national origin.'" *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (quoting *Landino v. Sapp*, 520 F. App'x 195, 198 (4th Cir. 2013)). For an employee's conduct to be a protected activity, it must signal opposition to unlawful discrimination, so that a reasonable employer would understand the employee intended to assert rights protected by anti-discrimination law. *See Johnson v. Global Language Ctr.*, No. 21-1638, 2023 WL 3645055 (4th Cir. May 25, 2023) (holding that an employee's email to employer did not constitute protected activity because it "amounted to personal gossip" and was not intended to oppose discrimination,

6

even though it explicitly stated that the plaintiff had been a victim of continuous sexual harassment and she feared retaliation); *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998) (protected activity includes conduct that "reasonably opposes" unlawful employment practices).

It is unclear from the second amended complaint—and the other two complaints, for that matter—what protected status plaintiff believes incited the alleged discrimination, harassment, and hostile work environment. In the original complaint, plaintiff refers to her coworker's exclamation, "man, bye!" as an "intentional misgendering," which might indicate she believed she had endured harassment or discrimination based on her gender. [DE 1-1]. But there is no indication she communicated any such belief to defendant. The second amended complaint and attached exhibits suggest that plaintiff's complaints to HR were primarily based on her belief that her coworkers were unprofessional, and she disliked the way they treated her. There is no allegation supporting a plausible inference that plaintiff lodged her complaints in opposition to the sort of discrimination made unlawful by Title VII.

Attached to the second amended complaint is a series of emails documenting plaintiff's complaints to HR. None of them contains any complaint supporting a plausible inference that plaintiff opposed discrimination or harassment arising from a protected status. Plaintiff emailed HR the morning of her termination, after the confrontation with her coworker. She requested a copy of the dress code policy and requested an open meeting to address the "harassment and the embarrassment [she] experience[d] this morning Thursday September 26 2024[.]" [DE 18-10].

> These individuals feel entitled with their seniority and think it OK to approach me with any kind of tone without any consequences because there will be no action to be taken on them. Such behavior is a NO for me and I will always stand and speak out for myself if necessary.

7

[DE 18-10]. Earlier, plaintiff had complained to HR that her supervisor "has favorite employees he listens to!" [DE 18-6]. This is precisely the kind of personal gossip that fails to oppose unlawful discrimination. Plaintiff's complaints put her employer on notice that she had trouble getting along with her coworkers, but they did not notify defendant that she was opposing what she believed was unlawful discrimination based on a protected status. Complaints of coworkers' entitlement and tone have "nothing to do with [plaintiff's] race, color, religion, sex or national origin. The EEOC had no more jurisdiction of this claim than it would have had of a charge that defendant had falsely accused [plaintiff] of reckless driving in the company parking lot." *Balazs v. Liebenthal*, 32 F.3d 151, 159 (4th Cir. 1994). Opposition to ordinary workplace treatment, even if unfair, is not opposition to unlawful employment practices prohibited by Title VII.

The second amended complaint is styled as asserting one claim for Title VII retaliation. Nevertheless, it refers to a hostile work environment. To assert a hostile work environment claim, plaintiff must plausibly allege "(1) unwelcome conduct, (2) based on her race or sex [or another protected status], that was (3) severe or pervasive enough to make her work environment hostile or abusive and (4) imputable to . . . her employer." *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (citation omitted). To the extent the second amended complaint means to assert a claim for hostile work environment, that claim fails for substantially the same reason: plaintiff has not alleged that the unwelcome conduct she experienced was based on a protected status. Because the proposed second amended complaint fails to state a claim, amendment would be futile. The motion for leave to amend [DE 18] is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [DE 9] is DENIED. Defendant's motion to dismiss plaintiff's first amended complaint [DE 15] is GRANTED. Plaintiff's motion

for leave to amend [DE 18] is DENIED. Plaintiff's motions to file electronic exhibits on USB drive [DE 11]; [DE 19]; [DE 21]; [DE 24] are DENIED as MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this _3_ day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9